# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Sonya Butler,<br><br>      Plaintiff,<br><br>  vs.<br><br>First Financial Investment Fund Holdings, LLC,<br>a foreign limited liability company,<br><br>      Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, SONYA BUTLER, BY AND THROUGH COUNSEL, Matthew Landreau, and for her Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## **VENUE**

2. The transactions and occurrences which give rise to this action occurred in the City of Kennesaw, Cobb County, Georgia.

3. Venue is proper in the Northern District of Georgia, Atlanta Division.

## **PARTIES**

4. Plaintiff is a natural person residing in City of Kennesaw, Cobb County, Georgia.

5. The Defendant to this lawsuit is First Financial Investment Fund Holdings, LLC which is a foreign limited liability company that conducts business in the State of Georgia.

## **GENERAL ALLEGATIONS**

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to WellStar Laboratory Outreach in the amount of $126.00 (the "alleged Debt").

7. Plaintiff disputes the alleged Debt.

8. On March 9, 2020, Plaintiff obtained her Trans Union and Equifax credit disclosures and noticed Defendant reporting the alleged Debt.

9. On or about April 16, 2020, Plaintiff sent Defendant a letter disputing the alleged Debt.

10. On May 21, 2020, JPMorgan & Chase Bank, a prospective lender, obtained Plaintiff's credit disclosures.

11. On June 25, 2020, Plaintiff obtained her Trans Union and Equifax credit disclosures and noticed Defendant last reported the tradeline reflected by the

alleged Debt to June 8, 2020 and failed or refused to flag its trade line as disputed, in violation of the FDCPA.

12. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

13. Defendant had more than ample time to instruct Experian, Equifax, and Trans Union to flag its trade line as Disputed.

14. Defendant's inaction to have its trade line on Plaintiff's credit report flagged as disputed was either negligent or willful.

15. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the associated trade line.

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff reincorporates the preceding allegations by reference.

17. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

18. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

19. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

20. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e(8) of the FDCPA by communicating to any person credit information, which is known to be false or should be known to be false, including failure to report a disputed debt as disputed.

21. To date, and a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

22. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages;

b. Statutory damages;

c. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 31, 2020

By: */s/ Matthew Landreau*
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Sonya Butler*
